In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00119-CR


______________________________




BRYAN GENE WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 411th Judicial District Court


Trinity County, Texas


Trial Court No. 8427




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Bryan Gene Wilson appeals the judgment of the trial court finding him guilty of the offense
of aggravated sexual assault of a child, Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2002), and
sentencing him to fifty years' imprisonment in the Texas Department of Criminal Justice-Institutional
Division, a fine of $10,000, restitution of $15,000 to the victim, and payment of $2,950 for his court-appointed attorney's fees.

 The indictment alleged Wilson, on or about June 25, 2000, intentionally or knowingly caused
the penetration of the anus of K.F., a child younger than fourteen years of age and not his spouse,
by his sexual organ. After a jury was seated, Wilson advised the trial court that he wished to enter
a plea of guilty, before the court, rather than the jury, determine his punishment. The trial court then
admonished Wilson pursuant to Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp.
2002), after which Wilson entered his open plea of guilty. The trial court ordered a presentence
investigation. 

 Before the entry of the plea, the trial court held a hearing to determine whether K.F. would
be unavailable to testify in front of Wilson, as provided in Tex. Code Crim. Proc. Ann. art. 38.071,
§§ 1 and 4 (Vernon Supp. 2002). The court found K.F. "unavailable" to testify, as provided in the
statute, and her testimony was taken by videotape and played to the trial court. The trial court also
conducted a hearing regarding the admissibility of a videotaped interview of K.F., which was made
at the "Garth House," a shelter located in Beaumont, Texas, for child victims of physical and sexual
abuse. The court permitted the videotaped interview to be played. 

 The trial court, after hearing the evidence and reviewing the presentence investigation report,
pronounced the sentence set forth above. 

 Appointed appellate counsel in this case has filed a brief pursuant to Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). No pro se response from Wilson has been
received. 

 We reviewed the matters discussed in counsel's Anders brief, and we find no reversible error. 

Testimony of Child Victim Taken Out of Defendant's Presence

 The trial court conducted a hearing on April 11, 2001, to determine whether the victim was
unavailable to testify in the presence of Wilson, as set forth in Tex. Code Crim. Proc. Ann. art.
38.071, § 1(8). As the Code provides, in any such determination:

 [T]he court shall consider relevant factors including the relationship of the defendant
to the child, the character and duration of the alleged offense, the age, maturity, and
emotional stability of the child, and the time elapsed since the alleged offense, and
whether the child is more likely than not to be unavailable to testify because:

 

 (1) of emotional or physical causes, including the confrontation with the
defendant; or

 

 (2) the child would suffer undue psychological or physical harm through his
involvement at the hearing or proceeding.

 

Tex. Code Crim. Proc. Ann. art. 38.071, § 8(a)(1), (2) (Vernon Supp. 2002). 


 The State called two witnesses at this hearing:

 Cindy Hutchins, a licensed professional counselor, to whom K.F. was referred by Children's
Protective Services. At of the time of the hearing, Hutchins had seen K.F. every week since
September of 2000. Hutchins testified that because K.F. expressed fear of Wilson, her custodial
grandparents had not told her that Wilson had been released on bond. Hutchins concluded Wilson's
presence in the courtroom during K.F.'s testimony would cause her psychological harm. She noticed
that K.F.'s mood had changed since the case had been set for trial.

 S.F., K.F.'s paternal grandmother, lived in Timpson, Texas. K.F. and her sisters had been
in S.F. and her husband's custody since the reporting of the incident in question. S.F. testified K.F.
was never told of Wilson's release on bond because "it would have scared her to death." She also
testified that when informed Wilson's case was going to trial, K.F. became anxious, irritable, and
sullen, and slept on a pallet next to her grandparents' bed, as she did when she first moved in with
them. K.F. expressed to S.F. her fear of seeing Wilson and of being in the same room with him. 
K.F. had regressed in the last two months. She did not think K.F. could testify if Wilson were
present in the courtroom.

 The trial court found, pursuant to Article 38.071, §§ 1 and 8, that K.F. was "unavailable" due
to psychological harm or the possibility of psychological harm if forced to confront Wilson.

 Article 38.071 includes procedures for both the taking of testimony by means of closed-circuit television, and for the admission of a previously-recorded videotape at trial. (1) Regarding the
taking of testimony with the defendant viewing the witness only by means of closed-circuit
television, the Texas Court of Criminal Appeals ruled in Marx v. State, 987 S.W.2d 577, 580 (Tex.
Crim. App. 1999), that the taking of testimony in such a manner in child abuse cases, which absent
such procedure may result in emotional trauma to the child witness, violates neither the Sixth
Amendment confrontation clause, nor due process under the Fourteenth Amendment, i.e., the
presumption of innocence. Id. at 580-81. The court also held that while Article 38.071, § 1 sets out
a specific procedure for the taking of testimony in such a manner, this section cannot be interpreted
as providing the only means by which such testimony may be taken. The trial courts are free to
develop different procedures under different circumstances, constrained only by constitutional
prohibitions, id. at 582-83, specifically adopting the reasoning of the concurring opinion in Gonzales
v. State, 818 S.W.2d 756, 766-69 (Tex. Crim. App. 1991) (Benavides, Campbell, and Overstreet, JJ.,
concurring). As the appropriate constitutional standard, the court adopted the language of Maryland
v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), which requires, inter alia, that in
order to justify the use of such procedure in a child abuse case, the trial court must determine that
it is necessary to prevent significant emotional trauma to the child witness caused by the defendant's
presence. Marx, 987 S.W.2d at 580. 

 The record supports the trial court's determination that K.F. was unavailable to testify in the
defendant's presence because of significant or potentially significant emotional trauma from a face-to-face confrontation with Wilson. The record shows that during the actual taping of the testimony,
only K.F., the two lawyers, the judge, and necessary support personnel were present, but that Wilson
could observe the testimony "via audio/video connection," and that he heard all of the testimony,
observed the witness, and was able to consult with counsel and relay to counsel all questions that he
wanted counsel to ask the witness.

Admissibility of the "Garth House" Videotaped Interview 

 On April 16, 2001, the trial court, pursuant to a motion filed by the State, held a hearing to
determine the admissibility of the "Garth House" videotape. Article 38.071, § 2(a) provides that a
recording of an oral statement of a victim made before the indictment is returned or the complaint
is filed is admissible in evidence if the court determines that "the factual issues of identity or actual
occurrence were fully and fairly inquired into in a detached manner by a neutral individual
experienced in child abuse cases that seeks to find the truth of the matter." Tex. Code Crim. Proc.
Ann. art. 38.071, § 2(a) (Vernon Supp. 2002). 

 At the hearing, the State called Karen Lynn Martinez. At the time of the hearing, Martinez
was employed as a high school criminal justice teacher. Before that she had been employed by
Children's Protective Services for eight years, investigating between 800 and 900 cases of child
abuse and neglect. She had worked at Garth House for about a year, which she testified was the
"Mickey Mehaffy Children's Advocacy Program," with its facilities located in Beaumont, Texas, set
up for children who had been physically and sexually abused. While at Garth House, Martinez had
interviewed over 300 children alleged to have been sexually or physically abused. She conducted
K.F.'s interview on July 26, 2000. The Trinity County sheriff testified the complaint in this case was
not filed until August 31, 2000. Martinez testified about the general policies and procedures
followed at Garth House, and further testified regarding the specific procedure undertaken for the
videotaping of interviews with alleged victims. State's Exhibit 6 was identified as the videotape of
K.F.'s interview. Martinez testified to the identity of the camera operator and said that only she and
K.F. were present in the room when the videotape was made, although she acknowledged that two
individuals from Trinity County Child Protective Services were able to observe the interview from
another room and were able to communicate to Martinez through an ear microphone. K.F. was not
aware of their presence. No law enforcement personnel or attorneys were in attendance. The
recording was accurate and had not been altered, and Martinez identified the only voices on the
videotape as being hers and K.F.'s. The interview was conducted in the same manner as her other
interviews. In the interview, K.F. identified the person who abused her as her stepfather, Bryan
Wilson. Over defense counsel's objections, (2) the videotaped interview was admitted in evidence. The
videotape was subsequently played for the court. 

 We find, from our examination of the record, that it was not reversible error for the trial court
to admit into evidence the Garth House videotaped interview. The record shows a proper predicate
for its use was laid by the prosecution. 

Sufficiency of Evidence

 In a written document entitled "Stipulation and Waivers," Wilson acknowledged, inter alia,
that the evidence in the case may be stipulated. Wilson appeared in chambers and told the court he
wanted to plead guilty without a plea bargaining agreement. In open court on that same date, Wilson
entered his plea. The State introduced State's Exhibit 12, a stipulation of evidence, in which Wilson
admitted that on or about June 25, 2000, he intentionally or knowingly caused the penetration of the
anus of K.F., a child then younger than fourteen years of age and not his spouse, by his sexual organ. 
In open court, Wilson testified that Exhibit 12 was signed by him, that it was his written confession,
and that everything in the stipulation was true and correct.

 Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2002) requires that a guilty plea in
open court be supported by evidence showing such guilt and that no person may be convicted on
such a plea without sufficient evidence to support same. A stipulation containing a statement
tracking the allegations in the indictment, relied on by the court in the acceptance of a guilty plea,
is sufficient to sustain such plea and is sufficient compliance with Article 1.15. Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979); Cevalles v. State, 513 S.W.2d 865, 866 (Tex.
Crim. App. 1974); Battiste v. State, 485 S.W.2d 781 (Tex. Crim. App. 1972); Knight v. State, 481
S.W.2d 143 (Tex. Crim. App. 1972). The stipulation in this case tracks the allegations of the
indictment and was properly relied on by the trial court in the acceptance of Wilson's plea. In
addition, a defendant entering a knowing and voluntary plea of guilty (3) without the benefit of an
agreed recommendation as to punishment waives all nonjurisdictional defects occurring before the
entry of the plea. Jack v. State, 871 S.W.2d 741, 742-44 (Tex. Crim. App. 1994). Sufficiency of the
evidence to support a conviction is not a jurisdictional matter. Davis v. State, 870 S.W.2d 43, 47
(Tex. Crim. App. 1994). The Texas Court of Criminal Appeals has recently stated that one of the
bases on which a trial court may lose jurisdiction over a criminal prosecution is when there is "a
complete lack of evidence to support the conviction, not merely insufficient evidence" and that a
guilty plea constitutes "some evidence" for this purpose. Nix v. State, 65 S.W.3d 664, 668 (Tex.
Crim. App. 2001).

 We find legally sufficient evidence to support Wilson's plea and conviction in this case.

Outcry Witness Testimony

 The outcry witness testimony in this case was elicited only at the punishment stage, as
Wilson had already entered his plea of guilty. Over trial counsel's objection of hearsay, S.F. was
permitted to testify as to outcry statements regarding the offenses and perpetrator, pursuant to Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2002).

 Article 38.072, an exception to the general prohibition against hearsay, (4) is applicable in the
case of prosecutions of sexual or assaultive offenses, Tex. Pen. Code Ann. §§ 21 & 22, et seq.
(Vernon 1994 & Supp. 2002), committed against a child twelve years of age or younger. Tex. Code
Crim. Proc. Ann. art. 38.072, § 1. The outcry witness hearsay exception applies to statements made
by the child against whom the offense was allegedly committed and made to the first person,
eighteen years of age or older, to whom the child made a statement about the offense. Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a). The required predicate for admission of such evidence 
includes the requirement of fourteen days' notice to the adverse party, which notice includes the
identity of the witness and a summary of the statement. Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(b)(1)(B), (C). The trial court is required to hold a hearing outside the jury's presence and must
find that the statement is reliable based on the time, content, and circumstances of the statement.
Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(2). In addition, the child must testify, or be
available to testify, at the proceedings in court or in any other manner provided by law. Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(b)(3). 

 The record demonstrates the State complied with the required predicate. Written notice was
sent by the district attorney to defense counsel which designated both Daniel Lee Thompson and S.F.
as outcry witnesses. In a motion subsequently filed with the court, the State withdrew its designation
of Thompson, because the statements made by the victim to him did not concern the specific acts
of anal sex with which Wilson was charged in this case, and designated S.F. as the first person over
eighteen years of age to whom K.F. spoke about the allegations of anal sex. After the hearing, S.F.
was found to be a proper outcry witness.

 The trial court properly permits outcry testimony against a hearsay objection when the party
offering such evidence complies with the required predicate. Villalon v. State, 791 S.W.2d 130, 136
(Tex. Crim. App. 1990). We find such compliance in this case. Further, the first statement referred
to in the applicable section of the article must be more than words which give some general allusion
about or general allegation concerning child abuse. The statement must be about the specifics of the
facts of the crime charged. Garcia v. State, 792 S.W.2d 88, 90 (Tex. Crim. App. 1990); Bradshaw
v. State, 65 S.W.3d 232, 239-40 (Tex. App.-Waco 2001, no pet. h.). The record in this case shows
that while Daniel Thompson was the first adult to whom K.F. spoke about general allegations of
inappropriate sexual conduct by Wilson, it was S.F. to whom K.F. first spoke about Wilson's acts
of anal sex with her. 

 We find no error in the trial court's admission of S.F.'s testimony as an outcry witness.

Voluntariness of Wilson's Plea

 To be constitutionally valid, a guilty plea must be knowing and voluntary. A guilty plea is
voluntary if the defendant is advised of all direct consequences of the plea. The purpose of Tex.
Code Crim. Proc. Ann. art. 26.13 is to ensure that a constitutionally valid plea is entered by the
defendant and accepted by the trial court. Ruffin v. State, 3 S.W.3d 140, 145 (Tex. App.-Houston
[14th Dist.] 1999, pet. ref'd). 

 The record shows that Wilson, in chambers and after the seating of a jury, indicated to the
trial court he wished to plead guilty. In that same hearing, he stated he was knowingly rejecting the
latest plea bargain offer from the State and entering his plea without benefit of a plea bargaining
agreement. Wilson told the court that no one had coerced his plea, that he understood all papers
given to him regarding the plea, and that they would then proceed to a punishment hearing before
the court.

 In open court, the trial judge determined Wilson's competency to stand trial; established
through Wilson's testimony that no one had coerced or threatened him to make his decision;
admonished him as to the range of punishment to which he would be subject; and determined
through Wilson's testimony that the stipulation of evidence, State's Exhibit 12, was true and correct
and constituted his written confession to the charges against him. Wilson was admonished, both
orally and in writing, regarding the giving up of his right to trial by jury and to confront the witnesses
against him, and further admonished that the trial court could not legally grant him probation. When
a defendant attests to the voluntariness of his or her plea at the plea hearing, he or she creates a
"heavy burden" to show involuntariness at a subsequent hearing. Valle v. State, 963 S.W.2d 904,
909 (Tex. App.-Texarkana 1998, pet. ref'd). The record in this case shows that the provisions of
Article 26.13 were substantially complied with, and that Wilson's plea of guilty was knowing and
voluntary. See Cutrer v. State, 995 S.W.2d 703, 708 (Tex. App.-Texarkana 1999, pet. ref'd). Ineffective Assistance of Counsel

 We have reviewed the record to determine whether there was ineffective assistance of
counsel at trial.

 When confronted by a claim of ineffective assistance of counsel, the two-pronged analysis
of Strickland v. Washington (5) is utilized to determine whether the accused did not receive
constitutionally effective assistance of counsel. Under Strickland's first prong, the accused must
show that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel
was not functioning as the counsel guaranteed by the Sixth Amendment. To be successful in such
a claim, an appellant must show that counsel's representation fell below an objective standard of
reasonableness. Under the second prong, an appellant must demonstrate the deficient performance
jeopardized his or her defense. The appropriate standard for judging prejudice requires an appellant
to show there is a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. In order to prevail, an appellant must prove both prongs by
a preponderance of the evidence. The review of defense counsel's representation at trial is highly
deferential. The appellate court engages in a strong presumption that trial counsel's actions fell
within the wide range of reasonably professional assistance. The accused has the burden of
overcoming the presumption that under the circumstances, the challenged action might be considered
sound trial strategy. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001); see also, Smith v. State, 40 S.W.3d 147,
148-49 (Tex. App.-Texarkana 2001, no pet.). Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 

 In this case, we find Wilson did not establish even the first prong of Strickland. The record
shows that appointed counsel's representation did not fall below an objective standard of
reasonableness on behalf of his client: He filed an application for writ of habeas corpus to get bail
reduced from $100,000 to $25,000; several pretrial motions for discovery, motions in limine, etc.
were filed and favorable rulings obtained from the trial court on a motion for appointment of expert
assistance was granted; on a motion to require child to testify; on a motion to determine admissibility
of recorded statement; at the various other times at the pretrial hearings, and at the punishment and
sentencing hearings, counsel demonstrated on the record knowledge of the facts of the case and the
applicable law; the record shows plea offers from the State were conveyed to Wilson, although
Wilson rejected the offers; counsel ensured Wilson's plea was knowing and voluntary; counsel
further took steps to ensure Wilson was aware that by going to the court rather than a jury for
punishment, he could not be given probation. Having demonstrated no deficiency in the record, we
can find no prejudice to Wilson's defense. 

 We can find no instances where, even arguably, constitutionally ineffective assistance was
rendered. Further, there was sufficient evidence of guilt, and the punishment imposed was well
within the range authorized by statute. 

 The judgment of the trial court is affirmed. 




 Ben Z. Grant

 Justice


Date Submitted: March 27, 2002

Date Decided: April 16, 2002


Do Not Publish
1. The inclusion of both of these procedures in the same article of the Code has been
questioned. See Marx v. State, 987 S.W.2d 577, 587-88 (Tex. Crim. App. 1999) (Keller, J.,
dissenting). 
2. The specific objections urged were that Martinez was not neutral or unbiased and that K.F.
was not put under oath at the beginning of the interview.
3. See, infra, our determination that Wilson's plea was knowing and voluntary.
4. Tex. R. Evid. 802.
5. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard was adopted as the
standard for such claims made under the Texas Constitution. Hernandez v. State, 726 S.W.2d 53,
56-57 (Tex. Crim. App. 1986).



tio="t"/>
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00014-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                    JOHN HARDY TAYLOR, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 22888

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            In
its indictment, the State alleged that on or about August 13, 2008, John Hardy
Taylor was criminally negligent in failing to secure his dog, which made an
unprovoked attack on Judy Pless, causing serious bodily injurya violation of
Section 822.005(a)(1) of the Texas Health and Safety Code.[1]  Tex.
Health & Safety Code Ann. § 822.005(a)(1) (Vernon 2010).  The trial court quashed the indictment
against Taylor on the grounds that the statute on which the indictment is based
is unconstitutionally vague.  The State
appeals from the order quashing the indictment in trial court cause number
22888.  

            The
State also appeals from the order quashing the indictment in trial court cause
number 22840, and has filed a single brief, in which the State raises issues
common to both appeals.  The State
contends the statute in question is not unconstitutionally vague, and the order
quashing the indictment should therefore be reversed.  We addressed these issues in detail in our
opinion of this date in cause number 06-10-00013-CR.  For the reasons stated therein, we likewise
conclude that the statute is constitutional.

            Accordingly,
we reverse the order quashing the indictment and remand to the trial court for
further proceedings.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
23, 2010

 

Do Not Publish











[1]Because
this is an appeal of a pretrial order, no testimony or evidence appears in the
record.