Affirmed and Opinion filed November 14, 2002
















Affirmed and
Opinion filed November 14, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01142-CR

____________

 

ROGELIO ALBERTO GUARDADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the County Criminal Court at Law No. 7

Harris County, Texas

Trial Court
Cause No. 1044229

 

 

 

O P I N I O
N

            Appellant entered a plea of not
guilty to the offense of terroristic threat.  He was convicted, and the trial court
assessed punishment at forty-five days in the Harris County jail.  In three points of error appellant contends
that: (1) the trial court erred in admitting evidence of extraneous offenses
because the State did not provide reasonable notice under Texas Rule of
Evidence 404(b); (2) the trial court erred in admitting evidence of extraneous
offenses because the probative value of the offenses was outweighed by unfair
prejudice; and (3) the evidence was legally and factually insufficient to
support the conviction.  We affirm.








 

 

I.  FACTUAL BACKGROUND

            Until February 10, 2001, appellant and the
complainant lived in the same home with two of their grown daughters.  Appellant and the complainant had been
estranged since September, 2000, did not sleep in the same room, and spoke only
to argue.  On February 10, 2001, appellant told the
complainant someone would be contacting her about a divorce and that he did not
intend to leave their home.  When the
complainant asserted her right to the home, appellant told her that the only way
he would leave the house would be dead. 
He then threatened to kill the complainant, then
kill himself.  Claudia Guardado, one of the daughters, heard appellant threaten
the complainant and called the police who arrested appellant.

            At trial, the complainant testified
to three other incidents where appellant had threatened to kill her.  In two of the incidents, appellant threatened
to hit his grandson.  The complainant
told appellant she would call the police if he hit his grandson.  Appellant then threatened to kill the
complainant if she called the police. 
One of those incidents occurred approximately four months prior to the
offense; the other incident occurred the weekend before the offense.  The complainant also testified that
approximately one year prior to the offense, appellant attempted to hit the
complainant.  When their daughter
intimated that she would call the police, appellant threatened to kill the
complainant.

II.  EXTRANEOUS OFFENSES

            In his first point of error,
appellant claims the trial court erred in admitting evidence of the extraneous
offenses because the State failed to provide proper notice under Texas Rule of
Evidence 404(b).  Appellant claims that,
although the State voluntarily provided notice of its intent to use extraneous
offenses, the notice did not specifically state the date and county of each act
alleged.

            An accused may not be tried for
collateral crimes or for being a criminal generally.  Smith v. State, 646 S.W.2d 452, 455 (Tex. Crim.
App. 1983).  Thus, evidence of
extraneous offenses is inadmissible to show conforming conduct.  Tex.
R. Evid. 404(b).  Evidence of other crimes, however, may be
admitted for other purposes, such as to show intent, plan, motive, or absence
of mistake or knowledge, provided the State gives notice, upon timely request
by the accused, of its intent to introduce such evidence.  Hankton v. State, 23 S.W.3d 540, 545 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d).  

            Appellant failed to request notice
of the State’s intent to introduce extraneous offense evidence.  Absent a request, the State was not required
to give such notice.  Webb v. State, 995 S.W.2d 295, 298 (Tex.
App.—Houston [14th Dist.] 1999, no pet.).  Even though the State voluntarily provided
notice, because appellant failed to request notice, he is precluded from
complaining about the notice he received. 
Id.  Appellant’s
first point of error is overruled.

III.  PROBATIVE VALUE
VERSUS UNFAIR PREJUDICE

            In his second point of error,
appellant claims the trial court erred in admitting the extraneous offenses
because their probative value was outweighed by the danger of unfair
prejudice.  In a hearing outside the
jury’s presence, the complainant testified to the three incidents in which
appellant had previously threatened to kill her.  Appellant objected to the evidence, first
under Rule 404(b) and second, under Texas Rule of Evidence 403.  The trial court overruled appellant’s
objections.

            A party may introduce extraneous
offense evidence where it tends to establish an elemental fact, such as
identity or intent or an evidentiary fact, such as motive, opportunity, or
preparation.  Montgomery v. State, 810
S.W.2d 372, 387 (Tex. Crim. App. 1990).  When a defendant claims his act was free from
criminal intent, extraneous offenses are relevant to prove guilty intent.  Plante v. State, 692 S.W.2d 487, 491–92 (Tex. Crim. App. 1985); Bradshaw
v. State, 65 S.W.3d 232, 236 (Tex. App.—Texarkana 2001, no pet.). 
We employ an abuse of discretion standard when reviewing the trial
court’s decision to admit testimony over a Rule 403 objection.  Ortiz v. State, 834 S.W.2d 343, 348 (Tex. Crim.
App. 1992).

            First, we must determine whether the
extraneous offense testimony was relevant. 
Appellant was charged with the offense of terroristic
threat.  A person commits the offense of terroristic threat if he threatens to commit any offense
involving violence to any person or property with intent to place any person in
fear of imminent serious bodily injury.  Tex. Pen. Code Ann.
§ 22.07(a)(2). 
Appellant’s defense was that he did not intend to place the complainant
in fear of imminent serious bodily injury because his threat was based on their
divorce, which would occur in the future. 
Because appellant claimed his act was free from the requisite criminal intent,
the extraneous offenses, which demonstrated appellant’s intent to place the
complainant in imminent fear of serious bodily injury, were relevant.  See
Bradshaw, 65 S.W.3d at 236.

            We presume that relevant evidence is
more probative than prejudicial.  Santellan v. State, 939 S.W.2d
155, 169 (Tex. Crim. App. 1997).  Reviewing the trial court’s judgment for
abuse of discretion requires deciding whether the court conducted the required
balancing of probative value versus the danger of unfair prejudice and did not
rule arbitrarily and capriciously.  Montgomery, 810 S.W.2d at 392.  The trial
court’s determination must also be reasonable in view of all the relevant
facts.  Santellan, 939
S.W.2d at 169.

            A Rule 403 balancing test by the
trial court should include the following factors:

1.         how compellingly evidence of the extraneous offense serves
to make a fact of consequence more or less probable;

2.         the potential the extraneous offense evidence has to impress
the jury in some irrational and indelible way;

3.         the trial time the proponent will require to develop
evidence of the extraneous misconduct; and 

4.         the proponent’s need for the extraneous transaction
evidence.

 

Wyatt v.
State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).

            As discussed above, intent was a
contested issue and the extraneous offense evidence made that fact of
consequence more probable.  Further, the
evidence served to rebut the defense’s theory that appellant did not intend to
place the complainant in imminent fear of serious bodily injury.  The State introduced the evidence with two
witnesses in a trial that lasted only one day. 
Further, the State needed the evidence to show intent because there was
no direct evidence of appellant’s intent. 
Finally, while evidence of an extraneous offense will usually carry
emotional weight and the danger of impressing the jury in an irrational way,
the rule of evidence requires the exclusion of relevant evidence only if the
danger of unfair prejudice, delay, or needless repetition substantially
outweighs the probative value.  Here, the
trial court’s admission of the evidence allowed the jury to understand why the
complainant was in imminent fear of serious bodily injury.  The trial court’s admission of the extraneous
offenses fell within the zone of reasonable disagreement and was not an abuse
of discretion.  See Montgomery, 810 S.W.2d at 392. 
Appellant’s second point of error is overruled.

IV.  SUFFICIENCY
CHALLENGES

            In his third point of error,
appellant contends the evidence is legally and factually insufficient to
support his conviction.  When reviewing
legal sufficiency, we view the evidence in the light most favorable to the
verdict and determine whether a rational trier of
fact could have found the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 318–19 (1979); Cardenas v. State, 30 S.W.3d
384, 389 (Tex. Crim. App. 2000).  In reviewing factual sufficiency, we do not
view the evidence “in the light most favorable to the prosecution.”  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Rather, we ask
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that proof of guilt is either so obviously weak as to undermine
confidence in the jury’s determination, or, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 944 (2001).

            A person commits the offense of terroristic threat if he threatens to commit any offense
involving violence to any person or property with intent to place any person in
fear of imminent serious bodily injury.  Tex. Pen. Code Ann.
§ 22.07(a)(2). 
Imminent means “[n]ear at hand; mediate rather than immediate; close
rather than touching; impending; on the point of happening; threatening;
menacing; perilous.”  In re A. C., 48 S.W.3d 899, 904 (Tex.
App.—Fort Worth 2001, pet. denied) (quoting Black’s
Law Dictionary 750 (6th ed.1990)).  The accused’s threat
of violence, made with the intent to place the victim in fear of imminent
serious bodily injury, is what constitutes the offense.  Dues v. State, 634 S.W.2d 304, 306 (Tex. Crim.
App. 1982).  The requisite intent
can be inferred from the acts, words, and conduct of the accused.  Turner v. State, 600 S.W.2d 927, 929 (Tex. Crim.
App. 1980).  Section 22.07 does
not require the victim to actually be placed in fear of imminent serious bodily
injury.  Dues, 634 S.W.2d at 305.  The offense is committed if the accused, by
his threat, sought as a desired reaction, to place a person in fear of imminent
serious bodily injury.  Id. at 306.  

            Appellant contends the complainant
could not have been placed in fear of imminent serious bodily injury because
his threat was conditioned on a future occurrence, i.e., the divorce. 
Conditioning a threat of harm on the occurrence of a future event does
not necessarily mean that the harmful consequences threatened are not
imminent.  A. C., 48 S.W.3d at 904.  Thus, in gauging imminence, we must look to
the proximity of the threatened harm to the condition.  Cook v.
State, 940 S.W.2d 344, 348 (Tex. App.—Amarillo 1997, pet. ref’d) (noting that it would be an “intellectual injustice
and a farce for us to methodically dissect the messages word by word, and
phrase by phrase to determine some ratio of conditional to non-conditional
language.”).  The focus of the inquiry
should be whether the complainant was afraid of imminent serious bodily injury
at the time of the offense.  Stults v. State, 23 S.W.3d 198, 205 (Tex.
App.—Houston [14th
Dist.] 2000, pet. ref’d).  The evidence showed that appellant had a
history of threatening to kill the complainant when he was acting violently
toward her or a family member.  The
record reflects that he used his threats to dominate his family and prevent
them from notifying authorities. 
Claudia, their daughter, testified she called the police the night of
the offense because she was afraid appellant would
lose control and kill her mother or her. 
Under the circumstances of this case, we are unpersuaded
by appellant’s contention that his invocation of conditional clauses frees him
from criminal liability.  When a
defendant has a history of controlling his family by verbal threats,
conditional language will not automatically free him from the realm of the
statute. 

            Viewing the evidence in the light
most favorable to the prosecution, we conclude a rational jury could have found
the elements of the offense beyond a reasonable doubt.

            Appellant further contends the
evidence is factually insufficient to support his conviction.  Appellant presented no evidence in his own
defense, but relied on the State to prove its case, and on his
cross-examination of witnesses. 
Appellant’s cross-examination was limited to the issue of whether the
complainant was in fear of immediate danger. 
After examining the evidence of intent in a neutral light, we find the
verdict is not so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust.  Appellant’s third point of error is
overruled.

            The judgment of the trial court is
affirmed.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 14, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.3(b).