ACCEPTED
01-15-00221-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 3:11:50 PM
CHRISTOPHER PRINE
CLERK

NOS. 01-15-00220-CR,
01-15-00221-CR, 01-15-00222-CR

IN THE
FIRST DISTRICT COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/7/2015 3:11:50 PM

CHRISTOPHER A. PRINE
Clerk

**GARY JAMES COX**, Appellant

**V.**

**THE STATE OF TEXAS**, Appellee

Appealed from the 122ND Judicial District Court
Galveston County, Texas
Cause Nos. 13-CR-0183, 13-CR-0184, 14-CR-3651

**BRIEF FOR THE STATE OF TEXAS**

**JACK ROADY**
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY

**ALLISON LINDBLADE**
ASSISTANT CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY
STATE BAR NO. 24062850
600 59TH STREET, SUITE 1001
GALVESTON, TX 77551
(409) 766-2355, FAX (409) 765-3261
allison.lindblade@co.galveston.tx.us

i

# TABLE OF CONTENTS

Table of Contents                                                          ii

Identity of Parties and Counsel                                            iv

Index of Authorities                                                       v

Statement Regarding Oral Argument                                          1

Summary of the Argument                                                    1

Statement of Facts                                                         3

Sole Issue                                                                 9

   Rule 403 does not require exclusion of evidence simply because it creates prejudice. The prejudice must be unfair. Unfair prejudice refers only to the tendency of relevant evidence to tempt the jury into finding guilt on grounds apart from proof of the offense charged.

   How did the extraneous child pornography unfairly prejudice Cox when it directly related to the Attempted Sexual Performance of a Child charge, was admissible under Article 38.37, and admissible to rebut a defensive theory?

Argument and Authorities                                                   9

I. Standard of Review and applicable law                                   10

II. The trial court's ruling on the extraneous evidence of child pornography                                                            14

III. The child pornography was admissible as propensity or character evidence according to Texas Code of Criminal procedure Article 38.37 §2.                                              16

IV. The evidence was admissible to rebut the defensive theory that Cox had no intent.     17

V. A Rule 403 analysis demonstrates that the admission of the child pornography was not unfairly prejudice to Cox.     20

     A. First factor: the probative value of the evidence.     22

     B. Second factor: the potential of the evidence to impress the jury in some irrational but nevertheless indelible way.     22

     C. Third factor: the time needed for the State to develop the evidence.     24

     D. Fourth factor: the State's need for the evidence.     24

VI. Cox's facts are distinguishable from the facts in Pawlak.     26

VII. Conclusion: the admission of all the child pornography was more probative than prejudicial.     27

Conclusion and Prayer     29

Certificate of Service     30

Certificate of Compliance     30

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Presiding Judge | Hon. John Ellisor |
| Appellant | Gary James Cox |
| Appellee | The State of Texas |
| Attorneys for Appellant | Mike Gilliam – Trial |
| | Joel Bennett – Appeal |
| Attorneys for State | Adam Poole – Trial |
| | Allison Lindblade – Appeal |

The Clerk's Record is referred to in the State's Brief as "C.R. cause number: page". The Reporter's Record is multiple volumes and is referred to as "R.R. volume number: page".

# INDEX OF AUTHORITIES

## CASES

*Bass v. State,* 270 S.W.3d 557, 564 (Tex. Crim. App. 2008) .................................. 18

*Bradshaw v. State,* —— S.W.3d ——, ——, No. 06–14–00165–CR, 2015 WL 2091376, at \*7 (Tex. App.—Texarkana May 5, 2015, pet. filed). ....................... 13

*Bradshaw v. State*, 65 S.W.3d 232, 236 (Tex. App.—Waco 2001, no pet.) ........... 10

*Brantley v. State,* 48 S.W.3d 318, 329–30 (Tex. App.—Waco 2001, pet. ref'd) ........ ....................................................................................................................... 12

*Burke v. State,* 371 S.W.3d 252, 257–58 (Tex. App.–Houston [1st Dist.] 2011, pet. dism'd) .......................................................................................................... 23, 26

*Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) ......................... 14, 25

*Couret v. State,* 792 S.W.2d 106, 107 (Tex. Crim. App. 1990) .............................. 10

*Daggett v. State,* 187 S.W.3d 444, 450–51 (Tex. Crim. App. 2005) ................. 11, 12

*Davis v. State,* 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). .............................. 14

*Dominguez v. State,* 467 S.W.3d 521, ——, 2015 WL 1939378, at \*4 (Tex. App.– San Antonio 2015, pet. filed) ............................................................................. 17

*Ex parte White,* 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) ................................. 26

*Gigliobianco v. State*, 210 S.W.3d 637, 640 (Tex. Crim. App. 2006). ................... 25

*Hammer v. State,* 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009)…. ... 13, 22, 26

*Hankton v. State,* 23 S.W.3d 540, 545 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) ............................................................................................................ 10, 11

*Harris v. State*, 14-14-00152-CR, 2015 WL 4984560, at *4-5 (Tex. App.—
    Houston [14th Dist.] 2015, pet. ref'd)......................................................................11

*Hernandez v. State*, 03-13-00186-CR, 2014 WL 7474212, at *8 (Tex. App.—
    Austin Dec. 30, 2014, no pet.) ..............................................................................26

*Hernandez v. State*, 390 S.W.3d 310, 323-24 (Tex. Crim. App. 2012)............ 14, 21

*Jenkins v. State,* 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd).... 12, 14

*Martin v. State,* 176 S.W.3d 887, 902 (Tex. App.—Fort Worth 2005, no pet.)..........
    .........................................................................................................................12

*McCulloch v. State,* 39 S.W.3d 678, 683–84 (Tex. App.–Beaumont 2001, pet.
    ref'd) ..................................................................................................................17

*Montgomery v. State,* 810 S.W.2d 372, 387 (Tex. Crim. App. 1991)......... 11, 23, 27

*Mozon v. State,* 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)..............................15

*Pawlak v. State*, 420 S.W.3d 807 (Tex. Crim. App. 2013)........................ 27, 28, 29

*Plante v. State,* 692 S.W.2d 487, 491–92 (Tex. Crim. App. 1985) ........................11

*Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) ...............................18

*Rankin v. State,* 995 S.W.2d 210, 213 (Tex. App.—Houston [14th Dist.] 1999, pet.
    ref'd) ..................................................................................................................11

*Salazar v. State,* 38 S.W.3d 141, 151 (Tex. Crim. App. 2001). ............................15

*Sandoval v. State*, 14-12-00879-CR, 2014 WL 3870504, at *11-12 (Tex. App.—
    Houston [14th Dist.] Aug. 7, 2014, no pet.) ...........................................................22

*Sarabia v. State*, 227 S.W.3d 320, 323 (Tex. App.—Fort Worth 2007, pet. ref'd).....
    .........................................................................................................................15

*State v. Balderas*, 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet.

ref'd)..........................................................................................................18

*State v. Mechler,* 153 S.W.3d 435, 440-441 (Tex. Crim. App. 2005)........... 9, 23, 24

*Threadgill v. State,* 146 S.W.3d 654, 671 (Tex. Crim. App. 2004)........................21

*Wenger v. State*, 292 S.W.3d 191 (Tex. App.—Fort Worth 2009, no pet.) ............15

*Wheeler v. State,* 67 S.W.3d 879, 885 (Tex. Crim. App. 2002) .............................18

*Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ...........................18

*Wright v. State*, 178 S.W.3d 905, 923 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). ........................................................................................................ 21, 22

*Wysack v. State*, 01-13-00683-CR, 2015 WL 4366245, at *9 (Tex. App.—Houston [1st Dist.] pet. ref'd, 2015)............................................................................ 23, 26

*Young v. State*, 242 S.W.3d 192, 202 (Tex. App.—Tyler 2007, no pet.)................15

**STATUTES**

TEX. CODE CRIM. PROC. art. 38.22.......................................................................18

TEX. CODE CRIM. PROC. art. 38.37, § 1(b). ..........................................................12

TEX. CRIM. PROC. CODE § art. 38.37 §2(1)(E). .....................................................17

TEX. CRIM. PROC. CODE § art. 38.37(b). ...............................................................16

**OTHER AUTHORITIES**

Senate Comm, on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013) ...............................................................................................................13

**RULES**

TEX. R. EVID. 404(b) .........................................................................................10

**TO THE HONORABLE COURT OF APPEALS:**

Now comes Jack Roady, Criminal District Attorney for Galveston County, Texas, and files this brief for the State of Texas.

## STATEMENT REGARDING ORAL ARGUMENT

The State of Texas does not request oral argument.

## SUMMARY OF THE ARGUMENT

Gary Cox brings a single issue on appeal in order to reverse his convictions of Aggravated Sexual Assault of a Child under Six enhanced with an Aggravated Sexual Assault of a Child, Attempted Sexual Performance of a Child, and Failure to Register as a Sex Offender for which he received a statutory life sentence in addition to 2 ten year sentences.

Cox alleges that the sheer volume of the admission of child pornography images, 1994 in all, were unfairly prejudicial to his case.

Even if this evidence was prejudicial to Cox, it was not unfairly prejudicial because of the fact that it relates to the charged offense. The extraneous child pornography evidence directly relates to the charged offenses, specifically, the Attempted Sexual Performance of a Child. Because the complained-of evidence relates to the charged offense, it did not have great potential to impress the jury in an irrational way. Additionally, there was no

1

unfair prejudice due to the volume of pornography because the State only showed a few pages of thumbnail images of child pornography to the jury and the record does not support the premise that the jury reviewed the images during its deliberations. The evidence was also admissible under Article 38.37, and to rebut a defensive theory.

For all these reasons, the Trial Court did not err to admit the extraneous evidence.

# STATEMENT OF FACTS

At the time of the sexual abuse, Tom and Debbie Bowman had three children: an 18 year old son, and two daughters, 13 and 3 years old, respectively.[1] The Bowmans came to know Cox when he dated Debbie's sister.[2] After that dating-relationship ended, the Bowmans asked Cox to house sit for them during the summer of 2013 while they went on vacation.[3] They were trying to help Cox because he needed a place to stay.[4] Soon after that, their son moved out of the house.[5] The Bowmans offered to let Cox continue to stay in their home and to live in their son's bedroom.[6] Cox lived continuously with the Bowmans from about August to December of 2013.[7]

The Bowmans allowed Cox to live in their home even though they knew he was a convicted sex offender.[8] Tom and Debbie trusted and befriended Cox.[9] They left their kids alone with Cox.[10] Debbie told the jury that she came to trust Cox because he believed in God and he prayed with them.[11] Both Tom and Debbie testified that they didn't see any improper behavior between their girls

[1] R.R.V:19-20, 28, 44.
[2] R.R.V:21, 42.
[3] R.R.V:22; State's Exhibit No. 2 (In-custody interview of Cox).
[4] R.R.V:22-23.
[5] R.R.V:22-23.
[6] R.R.V:22-23.
[7] R.R.V:45; State's Exhibit No. 2.
[8] R.R.V:24-25.
[9] R.R.V:45-46.
[10] R.R.V:45-46.
[11] R.R.V:38.

and Cox until the phone was discovered.[12] Tom and Debbie didn't see any signs or behaviors from the girls that they were afraid of Cox.[13] Debbie told the jury that Cox would play with the girls and tickle the 3 year old.[14] She said she didn't see anything that was inappropriate.[15]

One afternoon, Debbie discovered that her 13 year old daughter had a cell phone.[16] Debbie and Tom hadn't given it to her.[17] Debbie told Tom and gave him the phone when he came home.[18] Tom looked on the phone and saw a text conversation.[19] It appeared to be between his 13 year old daughter and Cox.[20] Some of the texts included, "And you can practice on role playing /sexing with me without the fear of messing up, if you want."[21] "What would you do if you woke up and you were coming because a guy was going down on you?"[22] "Would you tell him to stop, or just keep cumming because it felt so good?"[23] "Remember those pics of me….. The special ones?"[24] "The ones of me, nude."[25]

---

[12] R.R.V:26, 29, 44.
[13] R.R.V:25-26.
[14] R.R.V:35.
[15] R.R.V:35.
[16] R.R.V:29-30.
[17] R.R.V:29-30.
[18] R.R.V:29-30.
[19] R.R.V:47-49.
[20] R.R.V:51-52.
[21] State's Exhibit 1 (list of texts on Facebook Messenger from Gary Cox and 13 year old victim).
[22] State's Exhibit 1.
[23] State's Exhibit 1.
[24] State's Exhibit 1.

"Well, to make it fair, where's the pics of you? Lol."[26] "Lol, but now I'm supposed to see your pics….lol."[27] "I'm just teasing with you."[28] "Then you better take the pics fast….hahaha."[29]

After Tom read the texts, he told Cox he wasn't allowed to live with them anymore.[30] The Bowmans took the phone to the League City Police Department and filed a complaint.[31]

After Cox moved out, their 3 year old started sleeping with them more.[32] After they moved to Ohio, the 3 year old allowed a boy to draw on the upper part of her leg near her vagina.[33] Alarmed and knowing that Cox had a prior sexual assault with a child conviction before he lived with them, the Bowman's asked for the matter to be further investigated.

League City Police Detective Martin Grant spoke with the Bowmans.[34] The 3 year old victim was sent to the Child Advocacy Center for a forensic interview and then to the hospital for a medical exam.[35] During her forensic interview, later ruled to be her outcry, the 3 year old told the examiner that Cox

---

[25] State's Exhibit 1.
[26] State's Exhibit 1.
[27] State's Exhibit 1.
[28] State's Exhibit 1.
[29] State's Exhibit 1.
[30] R.R.V:53.
[31] R.R.V:53.
[32] R.R.V:36, 59-60.
[33] R.R.V:55.
[34] R.R.V:117.
[35] R.R.V:181, VI:10.

took her clothes off.[36] By pointing to an anatomic diagram, the 3 year old told the interviewer that Cox put his penis in her vagina.[37] She said she saw the stuff and that the stuff was white.[38] By pointing to the picture, the 3 year old said that Cox put his penis in her butt.[39] She said it hurt.[40] She said that he put his penis in her mouth.[41] She said it tasted like orange juice.[42]

In trial, the 3 year old told the jury, with the aid of a diagram, that Cox's penis touched her vagina underneath her clothes.[43] She said she likes to play make believe being a princess.[44] She told the jury that this wasn't a pretend story.[45] This really happened.[46]

During his investigation, Detective Grant discovered Cox was not current on his registration as a sex offender.[47] Cox was charged with failure to register as a sex offender and Detective Grant obtained a warrant for his arrest.

Once Cox was in custody, Detective Grant obtained a video recorded statement from Cox.[48] During this statement, Cox denied that the texts he sent to

---

[36] R.R.VI:184-186.
[37] R.R.VI:184-186.
[38] R.R.VI:184-186.
[39] R.R.VI:184-186.
[40] R.R.VI:184-186.
[41] R.R.VI:184-186.
[42] R.R.VI:184-186.
[43] R.R.V:115.
[44] R.R.V:107-108.
[45] R.R.V:115.
[46] R.R.V:115.
[47] R.R.V:118.

the 13 year old victim were anything but joking and teasing.[49] Cox claimed that the 13 year old was looking for advice and he was providing it.[50] Cox said that he never intended for her to send him any nude photos.[51] Cox said that she saw a nude photo of him only by accident while she was looking at the pictures on his phone.[52]

During his interview, Cox said that he cared for the girls but he strongly denied being sexually attracted to children.[53] Cox admitted that he spent time alone with the girls.[54] He said that he would kiss them good-night on the forehead.[55] Cox adamantly denied any sexual contact with the 3 year old victim.[56] Cox denied his failure to register saying it was just a misunderstanding.[57]

Cox was charged and indicted with Aggravated Sexual Assault of a Child Under Six, Attempted Sexual Performance of a Child, and Failure to Register As a Sex Offender.[58] The jury found Cox guilty of all charges. Cox was sentenced

---

[48] State's Exhibit 2.
[49] State's Exhibit 2.
[50] State's Exhibit 2.
[51] State's Exhibit 2.
[52] State's Exhibit 2.
[53] State's Exhibit 2.
[54] State's Exhibit 2.
[55] State's Exhibit 2.
[56] State's Exhibit 2.
[57] State's Exhibit 2.
[58] C.R. 13CR0183:7, C.R. 13CR0184:6, C.R. 14CR3651:5.

to life imprisonment in the Texas Department of Criminal Justice in addition to two 10 years sentences.[59] This appeal followed.

---

[59] C.R. 13CR0183: 185-189, C.R. 13CR0184:78-83, C.R. 14CR3651:36-41.

## SOLE ISSUE

Rule 403 does not require exclusion of evidence simply because it creates prejudice. The prejudice must be unfair. Unfair prejudice refers only to the tendency of relevant evidence to tempt the jury into finding guilt on grounds apart from proof of the offense charged.

How did the extraneous child pornography unfairly prejudice Cox when it directly related to the Attempted Sexual Performance of a Child charge, was admissible under Article 38.37, and admissible to rebut a defensive theory?

## ARGUMENT AND AUTHORITIES

Cox believes that the admission of the numerous child pornography images, 1994 in all, were unfairly prejudicial to his case.

Even if this evidence was prejudicial to Cox, it was not unfairly prejudicial because of the fact that it relates to the charged offense.[60] The extraneous child pornography evidence directly relates to the charged offenses, specifically, the Attempted Sexual Performance of a Child.[61] Because the complained-of evidence relates to the charged offense, it did not have great potential to impress the jury in an irrational way.[62]

Cox alleges that the sheer volume of the evidence was unfairly

---

[60] *See State v. Mechler,* 153 S.W.3d 435, 440-441 (Tex. Crim. App. 2005).
[61] *See id.*
[62] *See id.* at 441.

9

prejudicial.[63] However, there was no unfair prejudice due to the volume of pornography because the State only showed a few pages of thumbnail images of child pornography to the jury.[64] When the child pornography evidence was explained by the investigator, the jury was shown computer files and icons that were believed to contain child pornography.[65] Additionally, there is nothing in the record that indicates the jury was given this evidence during deliberations or that the jury had time to view all the images during the time it took to reach a guilty verdict.

The admission of this extraneous evidence was not error.

## I. *Standard of review and applicable law*

The general rule is that an accused may not be tried for being a criminal generally.[66] Evidence of other crimes, wrongs or acts are not admissible to prove the character of the defendant and that he acted in conformity with that character.[67] However, evidence may be admissible if it has relevance separate from the tendency to prove the defendant's character.[68] A party may introduce such evidence where it tends to establish some elemental fact, such as identity or

---

[63] Cox brief, p. 31.
[64] R.R.VI:29-31.
[65] R.R.VI:29-31.
[66] *Couret v. State,* 792 S.W.2d 106, 107 (Tex. Crim. App. 1990); *Hankton v. State,* 23 S.W.3d 540, 545 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *Bradshaw v. State*, 65 S.W.3d 232, 236 (Tex. App.—Waco 2001, no pet.).
[67] TEX. R. EVID. 404(b); *Hankton,* 23 S.W.3d at 545.
[68] TEX. R. EVID. 404(b); *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).

intent; some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact; or "it rebuts a defensive theory by showing, e.g., absence of mistake or accident."[69] When a defendant claims his act was free from criminal intent, extraneous offenses are relevant to prove guilty intent.[70]

Appellate courts measure the trial court's rulings concerning the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b) by an abuse of discretion standard.[71] As long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not interfere with the ruling.[72]

Although the general rule provides that evidence of extraneous offenses may not be used against the accused in a criminal trial, the Legislature has chosen to make specific and limited exceptions to this prohibition.[73] For example, "Rule 404(b) sets out an illustrative, not exhaustive, list of exceptions to the prohibition against admitting evidence of extraneous offenses including 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

---

[69] *Montgomery,* 810 S.W.2d at 387, 388.
[70] *Plante v. State,* 692 S.W.2d 487, 491–92 (Tex. Crim. App. 1985); *Rankin v. State,* 995 S.W.2d 210, 213 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).
[71] *Montgomery,* 810 S.W.2d at 391; *Hankton,* 23 S.W.3d at 546.
[72] *Montgomery,* 810 S.W.2d at 391; *Hankton,* 23 S.W.3d at 546.
[73] *Daggett v. State,* 187 S.W.3d 444, 450–51 (Tex. Crim. App. 2005); *Harris v. State*, 14-14-00152-CR, 2015 WL 4984560, at *4-5 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

absence of mistake or accident.'"[74] Section 1 of Article 38.37 of the Texas Code of Criminal Procedure also provides an exception to the general rule by allowing "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense" for its bearing on relevant matters, including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child.[75] This exception has been held to be constitutional by several Texas courts of appeals.[76]

It is clear that the Legislature chose to carve out another exception to the prohibition on evidence of extraneous offenses when it enacted Article 38.37, Section 2 of the Texas Code of Criminal Procedure. The statute recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics.[77] The legislative history behind Section 2(b) reflects that it was enacted to "give prosecutors additional resources to prosecute sex crimes committed against children" due to the "nature of these heinous crimes and the importance of protecting children from sexual

---

[74] *Id.* at 451 n. 13.

[75] TEX. CODE CRIM. PROC. art. 38.37, § 1(b).

[76] *See Martin v. State,* 176 S.W.3d 887, 902 (Tex. App.—Fort Worth 2005, no pet.) (holding that Article 38.37, Section 1 did not deny appellant constitutional right to due process); *Brantley v. State,* 48 S.W.3d 318, 329–30 (Tex. App.—Waco 2001, pet. ref'd) (rejecting appellant's argument that article 38.37 was unconstitutional "because it permits a blanket introduction of propensity evidence"); *Jenkins v. State,* 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd) (holding appellant was not denied fair trial guaranteed by Due Process Clause by admission of evidence of extraneous bad acts).

[77] *Bradshaw v. State,* ─── S.W.3d ───, ───, No. 06–14–00165–CR, 2015 WL 2091376, at *7 (Tex. App.—Texarkana May 5, 2015, pet. filed).

predators."[78] The Legislature acknowledged that:

> Prosecuting sex crimes committed against children can be difficult due to the physical and emotional trauma suffered by the victims. This can result in long delays in reporting these crimes during which physical evidence can deteriorate or be destroyed. Often the only evidence at a trial may be the testimony of the traumatized child. Children often are targeted for these crimes, in part because they tend to make poor witnesses.[79]

The Court of Criminal Appeals has also recognized that "[s]exual assault cases are frequently 'he said, she said' trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence."[80] "The special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts."[81]

Texas Rule of Evidence 403 allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice.[82] This rule carries a presumption that relevant

---

[78] Senate Comm, on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013); *Bradshaw,* —— S.W.3d ——, ——, 2015 WL 2091376, at *7.
[79] Senate Comm, on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013); *Bradshaw,* —— S.W.3d ——, ——, 2015 WL 2091376, at *7.
[80] *Hammer v. State,* 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009).
[81] *Jenkins,* 993 S.W.2d at 136.
[82] *Hernandez v. State*, 390 S.W.3d 310, 323-24 (Tex. Crim. App. 2012).

evidence will be more probative than prejudicial.[83] "'Probative value' refers to the inherent probative force of an item of evidence-that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation-coupled with the proponent's need for that item of evidence."[84]

"Unfair prejudice" refers to the tendency to suggest that decisions may be made on an improper basis, commonly an emotional one.[85] All evidence is prejudicial to one party or the other-it is only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable.[86] Similar to the admission of evidence under Rule 404B, a trial court's decision to allow or disallow evidence under Rule 403 is reviewed for an abuse of discretion, and in doing so, the appellate court will reverse a decision only when it lies outside the zone of reasonable disagreement.[87] However, the Court of Criminal Appeals has said that a reversal of the trial court's judgment regarding a balancing test determination should be done "*rarely* and only after a clear abuse of discretion."[88]

## II. The trial court's ruling on the extraneous evidence of child pornography

---

[83] *See Davis v. State,* 329 S.W.3d 798, 806 (Tex. Crim. App. 2010).
[84] *Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).
[85] *Id.; Hernandez*, 390 S.W.3d at 323-24.
[86] *See Davis,* 329 S.W.3d at 806.
[87] *Salazar v. State,* 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).
[88] *Mozon v. State,* 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (emphasis added).

THE COURT: The State has proffered that they want to put in some evidence seized from Mr. Cox's computer that would compromise or would be comprised of child pornography. There's been an objection by the Defense basically raising a 4.03 objection that however probative the evidence might be, that it would be more prejudicial than probative.

I have looked at the case law that's been provided by the State.[89] I have heard the voir dire, the opening statement by the Defense. I've heard the tenor of the cross-examination. And I believe that the evidence is probative of the ultimate issues in this case. I think they go toward issues that the Jury's going to need to decide.

And I'll quote something regarding unfair prejudice, which is what my job is to do is to determine that no unfair prejudice is put on Mr. Cox, that the Jury would not be unfairly prejudiced by what they hear. It says, "Unfair prejudice refers to a tendency to suggest a decision on an improper basis commonly, although not necessarily an emotional one. Only unfair prejudice provides the basis for exclusion of relevant evidence."

In light of Mr. Cox's denial of having interest in children, in light of his denial of being serious about suggesting that [V.B.] provide him with pictures that would be of a pornographic nature, I think that the evidence is relevant, I think it is not unfairly prejudicial.

In balancing the interest of Mr. Cox and the State's need for this evidence, I'm going to err on the side for the State and overrule your objection.[90]

---

[89] *Sarabia v. State*, 227 S.W.3d 320, 323 (Tex. App.—Fort Worth 2007, pet. ref'd); *Young v. State*, 242 S.W.3d 192, 202 (Tex. App.—Tyler 2007, no pet.); *Wenger v. State*, 292 S.W.3d 191 (Tex. App.—Fort Worth 2009, no pet.).
[90] R.R.V:159-160.

### III. The child pornography was admissible as propensity or character evidence according to Texas Code Criminal Procedure Article 38.37 §2.

Article 38.37 instructs:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.[91]

"The statute simply provides that a specific type of evidence will be admissible on certain relevant matters, notwithstanding Rules 404 and 405."[92] "Article 38.37, section 2(b) allows testimony regarding other extraneous offenses to show character conformity."[93]

Here, one of the cases before the jury was Cox's charge of Aggravated Sexual Assault of a Child, with a 3 year old female victim.[94] According to Article 38.37 §2(1)(E), the article applies in the prosecution for Aggravated

---

[91] TEX. CRIM. PROC. CODE § art. 38.37(b).

[92] *Dominguez v. State,* 467 S.W.3d 521, ——, 2015 WL 1939378, at *4 (Tex. App.–San Antonio 2015, pet. filed); *McCulloch v. State,* 39 S.W.3d 678, 683–84 (Tex. App.–Beaumont 2001, pet. ref'd).

[93] *Dominguez,* 467 S.W.3d 521, ——, 2015 WL 1939378, at *4; *McCulloch,* 39 S.W.3d at 683–84.

[94] C.R. 7.

Sexual Assault of a Child.[95] The child pornography was relevant to corroborate the 3 year old victim's testimony that, in addition to the sexual acts Cox committed upon her, he also photographed her. The child pornography was relevant to counter the defensive theory that the sexual assault on the child just didn't occur;[96] to rebut the defensive theory that the 3 year old child's "delayed outcry" was a result of the investigation into the lude texts Cox sent to her sister;[97] and to refute the defensive theory that the relationship Cox had with both the victims was a healthy relationship.[98]

## IV.    *The evidence was admissible to rebut the defensive theory that Cox had no intent.*

Once the defense opens the door, through either its opening statement or cross examination, the State can offer extraneous offense evidence to rebut the defensive theory.[99] However, the State may not elicit the defensive theory it wishes to rebut.[100]

Cox maintains that the State was the party the introduced the evidence it

---

[95] TEX. CRIM. PROC. CODE § art. 38.37 §2(1)(E).
[96] R.R.V:15-16.
[97] R.R.V:36
[98] R.R.V:35-36.
[99] *Bass v. State,* 270 S.W.3d 557, 564 (Tex. Crim. App. 2008); *Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).
[100] *See Wheeler v. State,* 67 S.W.3d 879, 885 (Tex. Crim. App. 2002).

wished to rebut.[101] While Cox is correct that the State admitted his interview video, this evidence was properly admitted after Cox had presented a clear defensive theory to the jury in his opening statement and throughout the cross-examinations of all 4 witnesses that preceded the introduction of the video.[102]

In Cox's opening statement he told the jury,

> In regards to the attempted sexual performance of a child, the second charge, I think the evidence will show totally inappropriate text messages from my client to [V.B.]. I believe the evidence will show that. ***But the evidence will not show that Gary Cox had the intent of actually trying to get [V.B.] to send him a nude picture.*** Rather, I think the evidence will show totally inappropriate humor or inappropriate attempt at humor from my client to [V.B.], but nothing more.[103]

The cross examination questions included the following:

Question to Deborah Bowman:

> When [L.B.] was around Gary Cox before you discovered the messages, did [L.B.] ever show that she was afraid of Gary at all?
>
> A. No. But she was young.

---

[101] Cox's brief, p. 31.

[102] R.R.V:153; *see* TEX. CODE CRIM. PROC. art. 38.22; *see also State v. Balderas*, 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (This Court held that the confession conformed to all the elements of article 38.22 of the Texas Code of Criminal Procedure. It was apparent from Officer Trevino's testimony that he gave appellee his statutory warnings and that appellee understood those rights and so indicated by initialing each right on his written statement.).

[103] R.R.V:16 (emphasis added).

Q. And -- and -- and would she play with Gary at all or anything at all?

A. Well, yeah.

Q. And how would they play? What would they do?

A. Well, he would, I mean, just joke around and hold her and sometimes tickle her and I mean – but nothing that we didn't think was abnormal.

Q. Did she ever look at Gary and start to cry or run away from him or anything like that?

A. No.[104]

Q. Did you ever inquire as to whether the messages were an inappropriate attempt at humor by Gary Cox?[105]

Question to Tom Bowman:    Q. Did you ever inquire as to whether some of those messages -- and again, this is did you ever inquire. I'm going to ask -- the question is whether you ever inquired as to whether those text messages were just a very inappropriate attempt at humor. Did you ever ask about that or did that never just come into play?[106]

Questions to the 13 year-old victim [V.B.]:

Q. Did he at the time include, like, "Just kidding," after he made the request in the message?

Q. After some of those requests, there's little

---

[104] R.R.V:35-56.
[105] R.R.V:39.
[106] R.R.V: 60-61.

19

letters like "LOL." What does that mean?

Q. And also with the messages, did Mr. Gary say he was just teasing you? Is that --

A. Yes, sir, he would say that.

Q. Now, I know you've had -- it's been two years. And over time you can think differently. But back then -- even though today you think differently. But back then did you think it was just a joke or teasing even though you were uncomfortable?

A. I don't think he was really teasing.

Q. At the time did you think he was?

A. I didn't think at the time he was teasing either. I was just, like, I don't think so. Actually, I was, like, "Uh, okay." But, like, what I meant by that was, like, I'm okay without it, without doing that.[107]

Throughout trial, Cox consistently maintained a clear defensive strategy. Even before the jury viewed his interview video, Cox wanted the jury to believe that he had a normal relationship with the victims, that he had no intent to procure a nude photo from the 13 year old victim, and that the 3 year old's sexual assault outcry was a fabrication.

### V. A Rule 403 analysis demonstrates that the admission of the child pornography was not unfairly prejudice to Cox.

---

[107] R.R.V:85-86.

In addition to the admissibility of the child pornography evidence under Article 38.27 and to rebut a defensive theory, its probative value substantially outweighed the danger of unfair prejudice.[108]

Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.[109] Trials involving sexual assault may raise particular evidentiary and constitutional concerns because the credibility of both the complainant and defendant is a central, often dispositive, issue.[110] Sexual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence.[111]

A Rule 403 analysis demonstrates that the admission of the child pornography was not unfairly prejudice to Cox. A Rule 403 analysis includes such factors as "(1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the

---

[108] *Hernandez*, 390 S.W.3d at 323-24.
[109] *Threadgill v. State,* 146 S.W.3d 654, 671 (Tex. Crim. App. 2004) (en banc); *Wright v. State*, 178 S.W.3d 905, 923 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

[110] *Hammer*, 296 S.W.3d at 561-62.
[111] *Id.*

proponent's need for the evidence."[112]

## A. First factor: the probative value of the evidence.

Here, the first factor weighs in favor of admissibility because the evidence that Cox possessed and viewed child pornography was probative of his state of mind and made more probable that he had the intent and motive to sexually assault the 3 year old victim, as well as, induce the 13 year old victim to send him nude photographs of herself.[113]

## B. Second factor: the potential of the evidence to impress the jury in some irrational but nevertheless indelible way.

The second factor also weighs in favor of admissibility. The intent behind Cox's texts to the 13 year old victim was the focus of significant dispute during trial. The jury could not have been distracted from the charged offenses because the complained-of evidence directly relates to the charged offenses, specifically, the Attempted Sexual Performance of a Child.[114] Also, although the contested evidence was prejudicial to Cox, it was not unfairly prejudicial because of the

---

[112] *Sandoval v. State*, 14-12-00879-CR, 2014 WL 3870504, at *11-12 (Tex. App.—Houston [14th Dist.] Aug. 7, 2014, no pet.); *Wright,* 178 S.W.3d at 923.

[113] *See Montgomery*, 810 S.W.2d at 381 (holding evidence defendant had frequently exposed himself to complainants on prior occasions probative of his "manner" with them and not unfairly prejudicial); *Burke v. State,* 371 S.W.3d 252, 257–58 (Tex. App.–Houston [1st Dist.] 2011, pet. dism'd) (holding evidence of prior sexual assaults probative of relationship and not unfairly prejudicial); *Wysack v. State*, 01-13-00683-CR, 2015 WL 4366245, at *9 (Tex. App.—Houston [1st Dist.] pet. ref'd, 2015).

[114] *See Mechler,* 153 S.W.3d at 435.

fact that it relates to the charged offense.[115]

Rule 403 does not require exclusion of evidence simply because it creates prejudice; rather, the prejudice must be "unfair."[116] "Unfair prejudice" refers only to the tendency of relevant evidence to "tempt the jury into finding guilt on grounds apart from proof of the offense charged."[117] Because the complained-of evidence relates to the charged offense, it did not have great potential to impress the jury in an irrational way.[118]

Cox alleges that the sheer volume of the evidence was unfairly prejudicial.[119] However, there was no unfair prejudice due to the volume of images because the State only showed a few pages of thumbnail images of child pornography to the jury.[120] When the child pornography evidence was explained by the investigator, the jury was shown computer files and icons and that were believed to contain child pornography. There is nothing in the record that indicates the jury was given this evidence during its deliberations. The evidence probably was prejudicial to Cox as all extraneous evidence is prejudicial; however, it was not *unfairly* prejudicial.

### C. Third factor: the time needed for the State to

---

[115] *See id.* at 440–41.
[116] *Id.* at 440.
[117] *Id.*
[118] *See id.* at 441.
[119] Cox brief, p. 31.
[120] R.R.VI:29-31.

## develop the evidence.

The tendency of the evidence to confuse or distract the jury from the main issues and the time required to develop the evidence weighs in favor of admissibility.[121] "Evidence that consumes an inordinate amount of time to present or answer, for example, might tend to confuse or distract the jury from the main issues."[122] Here, the amount of time the State devoted to developing the evidence was not insignificant. The State used 2 witnesses to introduce the how and where the child pornography was found. Their testimony was not lengthy and only spanned approximately 18 pages out of a total of 198 pages of trial record.[123] The State did not take time to show any full-scale images to the jury.

## D. Fourth factor: the State's need for the evidence.

Finally, the State's need for the contested evidence was significant. Even though the jury knew of the prior aggravated sexual assault of a child conviction, the testimony by Debbie Bowman suggested that, at one time at least, she believed Cox had changed since that time. In her efforts to explain to the jury why she allowed Cox to live in the same house with her daughters and spend time alone with them, Debbie became a possible positive character witness for Cox. This testimony, added to the defensive theory that the sexual

---

[121] *Gigliobianco v. State*, 210 S.W.3d 637, 640 (Tex. Crim. App. 2006).
[122] *Casey,* 215 S.W.3d at 870.
[123] R.R.I:4; R.R.V:161-166.

assault on the child didn't happen, and to Cox's interpretation that the texts were made in humor as he wrote "just joking" and "LOL", created a strong need for the State to introduce evidence of Cox's intent and propensity character.

In addition, the defense made an issue out of the fact that the 3 year old victim did not make an outcry until after cell phone texts were found and the investigation ensued. In regards to the aggravated sexual assault on the 3 year old victim, there was no physical evidence, no other witnesses to support her testimony, and the State had a strong need to counter Cox's theory that the family and the victim fabricated the allegations.[124]

In sum, the rule 403 factors weigh in favor of admissibility, and the trial court did not committed error in overruling a rule 403 objection to the extraneous-offense evidence.[125] Although it's acknowledged that "misconduct involving children [is] inherently inflammatory," Cox has not shown that the trial court committed reversible error had it concluded from balancing these factors that the testimony's prejudicial force did not substantially outweigh its probative value.[126]

---

[124] *See Hammer,* 296 S.W.3d at 561–62; *Hernandez v. State*, 03-13-00186-CR, 2014 WL 7474212, at *8 (Tex. App.—Austin Dec. 30, 2014, no pet.) (not designated for publication) (In a case of a child alleging sexual abuse [by an adult] with no physical evidence, there is a strong need for the State to admit this evidence.).

[125] *See Ex parte White,* 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Burke,* 371 S.W.3d at 258; *Wysack*, 2015 WL 4366245, at *9.

[126] *Montgomery*, 810 S.W.2d at 397.

## VI. Cox's facts are distinguishable from the facts in Pawlak.

Cox wants this Court to believe his case is identical to *Pawlak v. State*.[127] Both defendants were on trial for sexual assault of a child, in addition to other charges, and the State introduced extraneous evidence of a lot of child pornography. Specifically, Pawlak was convicted of 3 counts of sexual assault of a child, 1 count of sexual assault, and 1 count of attempted sexual assault.[128] Five victims testified at trial.[129] But, unlike the sexual assault complainants in *Pawlak*, the 3 year old victim in Cox's aggravated sexual assault of a child charge wasn't followed by numerous other sexually abused children. She only had her outcry witness to validate her abuse. The only other victim to testify was her sister in relation to the attempted sexual performance of a child charge.

Unlike *Pawlak*, here the jury did not specifically request all the evidence in the case during their deliberations. In fact, there is nothing the record to suggest that the jury reviewed the child pornography when it deliberated. The record indicates that the jury didn't deliberate for long and wouldn't have had time to thoroughly review the child pornography during its deliberations.[130]

---

[127] *Pawlak v. State*, 420 S.W.3d 807 (Tex. Crim. App. 2013).
[128] *Id.*
[129] *Id.*
[130] The State's case began at 9:33 a.m. when it presented 2 witnesses before closing. R.R.I:5. After a charge conference made changes to the jury charges, the jury charge was file-stamped at 11:07 a.m. R.R.VI:35, C.R.110. The jury was read the charge and given the case. The jury broke for lunch. The jury returned a note announcing a verdict at 1:36 p.m. on the same day.

In *Pawlak*, the Court of Criminal Appeals noted that the images referred to a crime for which the appellant was not on trial – possession of child pornography.[131] Most notably, the Court in *Pawlak* noted that

> there was no allegation that Appellant took the pictures or that he in any way participated in coercing children to be involved in producing child pornography, much less that he assaulted them. Thus, while the extraneous-offense evidence may have been permissible rebuttal evidence, it did not show that an assault or attempted assault was more likely to have occurred.[132]

Here, Cox was charged with Attempted Sexual Performance of a Child. There was testimony that Cox took nude pictures of the 3 year old victim and that he tried to coerce the 13 year old victim to be involved in producing child pornography. The facts here are unmistakably distinguishable from *Pawlak*.

In *Pawlak*, the Court ruled, "***Under these facts***, the sheer volume of extraneous-offense evidence was unfairly prejudicial."[133] The holding in *Pawlak* is not applicable here.

## VII. Conclusion: the admission of all the child pornography was more probative than prejudicial.

The trial court's ruling to admit the extraneous evidence was within the

---

C.R. 13CR0183:115.

[131] *Pawlak*, 420 S.W.3d at 810.

[132] *Id*.

[133] *See id*. at 811 (emphasis added).

zone of reasonable disagreement because the evidence was not unfairly prejudicial to Cox. The extraneous child pornography evidence directly related to the charge of Attempted Sexual Performance of a Child.[134] Because the complained-of evidence relates to the charged offense, it did not have great potential to impress the jury in an irrational way.[135] The volume of the evidence was not unfairly prejudicial because the jury did not see all the images and the State only showed a few pages of thumbnail images of child pornography during trial.[136] Importantly, there is nothing in the record that indicates the jury was given this evidence during deliberations or that the jury had time to view all the images during the time it took to reach a guilty verdict. Lastly, these facts are not like the case of *Palwak* and its holding doesn't apply.

The admission of this extraneous evidence was not error.

---

[134] *See id.*
[135] *See id.* at 441.
[136] R.R.VI:29-31.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the judgment of the Trial Court be affirmed in all respects.

Respectfully submitted,

JACK ROADY
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS


*/s/ Allison Lindblade*

ALLISON LINDBLADE
Assistant Criminal District Attorney
State Bar Number 24062850
600 59th Street, Suite 1001
Galveston, Texas 77551
Tel (409)766-2452/Fax (409)765-3261
allison.lindblade@co.galveston.tx.us

## CERTIFICATE OF SERVICE

The undersigned Attorney for the State certifies a copy of the foregoing brief was sent via email, eFile service, or certified mail, return receipt requested, to Joel Bennett, Sears & Bennett, 1100 Nasa Parkway, Suite 302, Houston, Texas 77058, joel@searsandbennett.com, on December 7, 2015.

/s/ Allison Lindblade
ALLISON LINDBLADE
Assistant Criminal District Attorney
Galveston County, Texas


## CERTIFICATE OF COMPLIANCE

The undersigned Attorney for the State certifies this brief complies with Tex. R. App. Proc. 9.4(i)(3), is a computer generated document, and consists of 6,153 words.

/s/ Allison Lindblade
ALLISON LINDBLADE
Assistant Criminal District Attorney
Galveston County, Texas